[Cite as *State v. Haddix*, 2012-Ohio-4259.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| DOUGLAS HADDIX | : | Case No. 2011CA00276 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 1995CR0111

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 17, 2012

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
By: RONALD MARK CALDWELL
110 Central Plaza South
Suite 510
Canton, OH 44702-1413

For Defendant-Appellant

DOUGLAS HADDIX, PRO SE
Inmate No. 304-270
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH 44430

*Farmer, J.*

{¶1}   On February 2, 1995, the Stark County Grand Jury indicted appellant, Douglas Haddix, on three counts of rape in violation of R.C. 2907.02, one count of felonious assault in violation of R.C. 2907.12, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of endangering children in violation of R.C. 2919.22.  Said charges arose from incidents involving a minor under the age of thirteen.

{¶2}   A jury trial commenced on April 25, 1995.  At the conclusion of the state's case-in-chief, the trial court dismissed the endangering count.  The jury found appellant guilty as charged save for one of the rape counts.  By judgment entry filed May 30, 1995, the trial court sentenced appellant to an aggregate indeterminate term of seventeen to fifty years in prison.

{¶3}   Appellant appealed and this court affirmed his convictions and sentences. *State v. Haddix* (June 3, 1996), Stark App. No. 95-CA-0175.

{¶4}   Thereafter, appellant filed postconviction relief petitions in 1997 and 1999.  The trial court denied appellant's arguments therein and dismissed the petitions, and this court affirmed the trial court's decisions.  *State v. Haddix* (September 28, 1998), Stark App. No. 1998-CA-0096; *State v. Haddix* (November 15, 1999), Stark App. No. 1999-CA-00227.

{¶5}   On November 15, 2011, appellant filed a motion to dismiss for want of jurisdiction challenging the subject matter jurisdiction of the trial court.  By judgment entry filed November 16, 2011, the trial court denied the motion.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT DENYING HIS MOTION TO DISMISS FOR WANT OF JURISDICTION SINCE THE PROSECUTION FAILED TO SHOW PROOF THAT ANY ELEMENT OF AN OFFENSE TOOK PLACE IN OHIO."

II

{¶8} "THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHEN IT ADMITTED OUT-OF-COURT STATEMENTS INTO TRIAL CONTRARY TO THE CONFRONTATION CLAUSE BAR OF THE SIXTH AMENDMENT."

III

{¶9} "THE TRIAL COURT ERRED IN DENYING THE MOTION OF DISMISS FOR WANT OF JURISDICTION WHERE THE COURT CONTRARY TO THE COMMON-LAW AND THE SIXTH AMENDMENT ADMITTED A PRIOR OUT-OF-COURT IDENTIFICATION STATEMENT INTO TRIAL WITHOUT CONDUCTING A HEARING TO CROSS-EXAMINE THE DECLARANT."

IV

{¶10} "THE TRIAL COURT ERRED IN DENYING A DISMISSAL FOR WANT OF JURISDICTION WHERE CONTRARY TO BOTH THE COMMON-LAW AND THE SIXTH AMENDMENT THE COURT PREVENTED APPELLANT FROM MEETING FACE-TO-FACE WITH THE WITNESS AGAINST HIM AT TRIAL IN VIOLATION OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL."

V

{¶11} "THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHEN THE WRONGFUL CONDUCT OF PROSECUTION DEPRIVED APPELLANT OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO CROSS-EXAMINE THE WITNESS AGAINST HIM AT TRIAL."

VI

{¶12} "THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHERE THE EVIDENCE IS ILLEGALLY INSUFFICIENT TO SUSTAIN A CONVICTION OF GUILT BEYOND A REASONABLE DOUBT."

VII

{¶13} "THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW."

VIII

{¶14} "THE SENTENCE IMPOSED ON THE APPELLANT IS CONTRARY TO LAW AND VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT SENTENCE ENTRY."

I, II, III, IV, V, VI, VII, VIII

{¶15} Appellant claims the trial court erred in dismissing his motion to dismiss for want of jurisdiction challenging the subject matter jurisdiction of the trial court based upon several issues. We disagree.

{¶16} Appellant was originally sentenced on May 30, 1995. Appellant's convictions and sentences were affirmed by this court on June 3, 1996. Thereafter,

appellant filed two postconviction relief petitions, one in 1997 and one in 1999, which were denied by the trial court. This court affirmed the decisions on September 28, 1998 and November 15, 1999. On November 15, 2011, appellant filed the subject motion to dismiss which the trial court denied on November 16, 2011.

{¶17} In *State v. Reynolds* (1997), 79 Ohio St.3d 158, the Supreme Court of Ohio set forth the standard by which postconviction motions are to be reviewed in light of R.C. 2953.21:

{¶18} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."

{¶19} The *Reynolds* court at 160 explained despite its caption, a motion meets the definition of a petition for postconviction relief if it is (1) filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence.

{¶20} Accordingly, in reviewing appellant's motion to dismiss, we find it to be a petition for postconviction relief as defined in R.C. 2953.21. Based upon appellant's past filings, the subject motion was a successive petition for postconviction relief. R.C. 2953.23 governs successive petitions and states the following in pertinent part, as subsection (A)(2) is not applicable sub judice:

{¶21} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or

successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶22} "(1) Both of the following apply:

{¶23} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶24} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶25} In reviewing appellant's motion to dismiss/petition for postconviction relief, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶26} Furthermore, appellant's arguments are barred by the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry* (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

{¶27} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any

proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

{¶28} In reviewing appellant's motion to dismiss/petition for postconviction relief, we find the arguments therein could have been raised at trial or on direct appeal. We note several of appellant's arguments were so raised in prior appeals.

{¶29} Upon review, we find the trial court did not err in denying appellant's motion/petition.

{¶30} Assignments of Error I, II, III, IV, V, VI, VII, and VIII are denied.

{¶31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.


s / Sheila G. Farmer_____

s / Patricia A. Delaney_____

s / Julie A. Edwards_____

                    JUDGES

SGF/sg 813

[Cite as *State v. Haddix*, 2012-Ohio-4259.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DOUGLAS HADDIX | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00276 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

s / Sheila G. Farmer_____

s / Patricia A. Delaney _____

s / Julie A. Edwards_____

JUDGES